# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CINCINNATI, OHIO, *et al.*,<br><br>Defendants. | Case No. C-1-80-369 |

## PARTIES' JOINT MOTION TO ENTER MODIFIED CONSENT DECREE

In 1980, the United States filed this Title VII lawsuit against the City of Cincinnati alleging that the tests the Cincinnati Police Department used in its entry-level and sergeant promotional selection processes had a disparate impact on African Americans and women. In resolution of the lawsuit, in 1981 the United States and the City entered into a Consent Decree, which the Court has noted has greatly increased the representation of African Americans and women within the Police Department. Dkt. 198 at 3 (noting an increase in both minority and female representation within the Police Department from 9.9% and 3.4% respectively in 1980 to 28.3% and 22.9% in 2021). On September 15, 2021, this Court granted the United States' Motion to Modify the Consent Decree and ordered that the Decree be modified by removing the race- and gender-based interim hiring and promotional goals from the Decree. Dkt. 198 at 16. Since the Court's Order, the parties have worked collaboratively to arrive at this proposed Modified Consent Decree.

The Modified Consent Decree implements the Court's Order, which terminated the use of interim race- and gender-based goals as a means to achieve the short- and long-term goals of the Original Consent Decree (see Original Consent Decree ¶¶ 2(A)–(B)). Given the parties' shared

interest in ensuring that the City has a diverse police force and that the City has a meaningful substitute for the interim goals, *see* Dkt. 194 at 1; Dkt. 195 at 1-2, the parties have further agreed to put into place a process by which the City, in consultation with an expert, will identify and adopt current best practices to recruit, promote, and retain black and female personnel using race- and gender-neutral means in order to ensure that the Police Department continues its progress toward achieving diversity following the termination of the short- and long-term goals. The Modified Consent Decree specifies a period of time to allow for adequate review of the City's efforts described above. During that time period, the United States will continue to review the City's current Police Officer and Police Sergeant selection procedures to "[e]nsure that blacks and women are not disadvantaged by the [City's] hiring [and] promotion[al] … practices." Original Consent Decree ¶ 2. The Modified Consent Decree establishes a specific termination date for the Decree. The parties respectfully request that this Honorable Court enter the attached Modified Consent Decree.

## **LEGAL STANDARD**

Once a moving party has met its burden of establishing either a change in fact or in law warranting modification of a consent decree, the district court should determine whether the proposed modification is suitably tailored to the changed circumstance. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391–93 (1992). Where a modification of a consent decree has been arrived at by the mutual agreement of the parties, "the court need only identify a defect or deficiency in its original decree which impedes achieving its goal, either because experience has proven it less effective, disadvantageous, or because circumstances and conditions have changed which warrant fine-tuning the decree." *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1018 (6th Cir. 1994) (citing *Heath v. DeCourcy*, 888 F.2d 1105, 1110 (6th Cir.1989). *See*

*also* Dkt. 198 at 4-5 (discussing legal standards for modification of a consent decree). The modification must further the purpose of the consent decree, without upsetting the basic agreement between the parties. *Id.*

**THE MODIFIED CONSENT DECREE IS SUITABLY TAILORED TO THE CHANGED CIRCUMSTANCES AND FURTHERS THE PURPOSE OF THE CONSENT DECREE.**

The terms of the Modified Consent Decree are suitably tailored to the changed circumstances and further the purpose of the Original Consent Decree, which was to ensure equal employment opportunity for African Americans and women in the Police Officer and Police Sergeant positions within the Cincinnati Police Department. Dkt. 25 ¶ 2. The Modified Consent Decree will achieve this aim by allowing the City the opportunity to study, consider, and modernize its efforts to diversify its workforce while at the same time using hiring and promotional procedures that do not unintentionally and disproportionately exclude qualified African Americans or women.

There are two primary components contained in the Modified Consent Decree. First, the City will engage a consultant to identify current best practices to recruit, promote, and retain African Americans and women to the positions of Police Officer and Police Sergeant. Modified Consent Decree ¶ 13. The United States will review the consultant's recommendations and the City's response to those recommendations and may object if it believes that any aspect of the City's response does not conform to the objectives of the Modified Consent Decree or to any controlling legal standards. *Id.* at ¶¶ 14-19. The City's hiring of a consultant to identify and implement current best practices for the recruitment, retention, and promotion of African Americans and women is fully consistent with the original purpose of the Consent Decree. The use of a consultant to modernize the City's practices is an appropriate solution to the changes in the facts and law that were identified in the Court's September 15, 2021 Order requiring modification. Dkt. 198 at 3, 7.

3

Second, the City will use hiring and promotional processes to select qualified candidates for hire to the position of Police Officer and for promotion to the position of Police Sergeant that meet the requirements of Title VII of the Civil Rights Act of 1964, as amended. Modified Consent Decree ¶ 20. The City will share the hiring and promotional data with the United States, so the United States can determine: (1) whether the processes have a statistically significant disparate impact on the basis of race or sex, and if so, (2) whether the processes are job-related for the Police Officer and Police Sergeant positions. *Id.* ¶¶ 21-27. Where appropriate, the parties will cooperatively evaluate whether there are alternative uses of the selection device that have less disparate impact and are substantially equally valid. *Id.* ¶¶ 23, 28. These provisions are equally consistent with the purposes of the Original Consent Decree because it ensures the City's hiring and promotional processes are consistent with Title VII.

The Parties believe it is necessary to ensure that the diversity achieved while the Original Consent Decree was in place is not hampered by employment practices that unnecessarily exclude qualified African American and female applicants from employment and promotional opportunities. Together, the provisions of the Modified Consent Decree that require assessment and amendment, if appropriate, of the City's current practices and policies, along with continued review of the Police Officer and Police Sergeant promotional exams meet this need.

Finally, the Modified Consent Decree will be dissolved after the parties, or Court, have resolved any objections to the City's response to the consultant's report or after the parties resolve any disputes or the Court orders relief pertaining to the City's use of hiring and promotional tests which fall under the ambit of the Modified Consent Decree. *Id.* ¶ 36.

## **CONCLUSION**

For the reasons set forth above, the parties respectfully request that the Court grant this motion and enter the attached Modified Consent Decree.

Dated: December 12, 2022

                              Respectfully submitted,

*/s/ Emily Smart Woerner*
EMILY SMART WOERNER (0089349)
City Solicitor

WILLIAM C. HICKS (0068565)
MARK R. MANNING (0088331)
SR. ASST. CITY SOLICITORS
Office Labor & Employment Section
Law Department
801 Plum Street, Rm. 214
Cincinnati, OH 45202
Telephone: (513) 352-4576

Counsel for Defendants City of Cincinnati, the Cincinnati Police Department and the Cincinnati Civil Service Commission

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD (MD Bar, no number issued)
Chief
Employment Litigation Section
Civil Rights Division

MEREDITH L. BURRELL (MD Bar, no number issued)
Principal Deputy Chief
Employment Litigation Section
Civil Rights Division

*/s/ Jeremy P. Monteiro*
JEREMY P. MONTEIRO (GOVT. DC Bar 977628)
Senior Trial Attorney
United States Department of Justice
Employment Litigation Section
Civil Rights Division
4 Constitution Square
150 M Street, NE, Room 9.930
Washington, DC 20530
(202) 307-6230
(202) 514-1005 (fax)
jeremy.monteiro@usdoj.gov

*/s/ Catherine N. Sellers*
CATHERINE N. SELLERS (GOVT. WA Bar 44563)
Senior Trial Attorney
United States Department of Justice

5

Employment Litigation Section
Civil Rights Division
4 Constitution Square
150 M Street, NE, Room 9.2609
Washington, DC  20530
(202) 514-1005 (fax)
catherine.sellers@usdoj.gov

Counsel for Plaintiff United States

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2022, a true and accurate copy of the foregoing PARTIES' JOINT MOTION TO ENTER MODIFIED CONSENT DECREE was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be emailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/ Jeremy P. Monteiro*
                                               JEREMY P. MONTEIRO (GOVT. DC Bar 977628)